UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVIS BROWN, #215918,
      Plaintiff,

-v-

WILLIE SMITH, et al.,
      Defendants.

No. 1:16-cv-235

Honorable Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDAITON

Plaintiff Davis Brown, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights complaint. He alleges he is completely blind in his left eye and partially blind in his right eye. For the remaining Defendants, Brown generally raises Eighth Amendment claims arising from the medical treatment he received or the lack of treatment.

There are three pending dispositive motions. Defendant Gerlach filed a motion to dismiss. (ECF No. 74.) Defendant Doyle filed a motion for summary judgment. (ECF No. 55.) Defendant Linsley also filed a motion for summary judgment. (ECF No. 79.) For these three motions, the magistrate judge issued a report and recommendation (ECF No. 116), to which Plaintiff filed objections (ECF No. 120).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

    1.  Defendant Gerlach (ECF No. 74)

Gerlach filed a Rule 12(b)(6) motion, asserting a statute of limitations defense and also claiming that the complaint failed to state a claim.  The magistrate judge identified three separate claims against Gerlach: (1) failure to provide a walking cane, (2) obstruction of recommended cornea surgery, and (3) failure to provide appropriate contact lenses.  The magistrate judge recommended denying the motion as to the statute of limitations defense, and also as to the surgery and contact lenses claims.  The magistrate judge recommended dismissing the failure to provide a cane claim.

For these recommendations, no objections have been filed.  Accordingly, Defendant Gerlach's motion to dismiss (ECF No. 74) is granted in part and denied in part.

    2.  Defendant Doyle (ECF No. 55)

Doyle filed a Rule 56 motion, asserting that Plaintiff failed to exhaust administrative grievances.  The magistrate judge recommended that the motion be denied.

For this recommendation, no objections have been filed.  Accordingly, Defendant Doyle's motion for summary judgment (ECF No. 55) is denied.

    3.  Defendant Linsley (ECF No. 79)

Linsley filed a Rule 56 motion, asserting that Plaintiff failed to exhaust administrative grievances, which the magistrate judge recommended denying.  Linsley also asserted that Plaintiff could not prevail on the merits for an Eighth Amendment claim.  Because Linsley

relied only on the pleadings and did not rely on any evidence, the magistrate judge addressed the motion as one brought under Rule 12. The magistrate judge recommended granting the motion.

Plaintiff's objections are numbered into 27 paragraphs. Generally, the objections fail to identify any factual mistake or legal error in the report and recommendation.

Paragraphs 1 through 17 and 19 generally complain that the legal writers at Plaintiff's facility have refused to assist him. These objections are overruled. None of these objections address the findings of fact, the conclusions of law, or the recommendations in the R&R.

Paragraphs 18 and 24 are requests for additional time to respond. These objections are overruled. Plaintiff was able to secure assistance to prepare this objection, undermining his assertion that he could not find assistance. Plaintiff's ability to file the objection undermines his claim that he needs more time. The fact that he chose not to address the R&R is not a reason for this Court to provide additional time to do so.

Paragraphs 20 through 23 assert a need for discovery or an expert to refute Linsley's motion. These objections are overruled. The magistrate judge considered only the pleadings, not any evidence. Discovery might have been warranted if Plaintiff's claims could have survived a Rule 12 motion.

Paragraphs 25 through 27 are objections to other orders. Here, Plaintiff merely asserts an "objection," without identifying any factual mistake or legal error in the orders to which he objects. Such an objection is insufficient. Accordingly, the objections are overruled.

Accordingly, Defendant Linsley's motion (ECF No. 79) is granted.

For these reasons, the Report and Recommendation (ECF No. 116) is **APPROVED and ADOPTED AS THE OPINION OF THIS COURT.**

Defendant Gerlach's motion to dismiss (ECF No. 74) is **GRANTED IN PART AND DENIED IN PART.**

Defendant Doyle's motion for summary judgment (ECF No. 55) is **DENIED.**

Defendant Linsley's motion for summary judgment (ECF No. 79) is **GRANTED.**

Consistent with recommendations of the magistrate judge, a new Case Management Order will issue.

**IT IS SO ORDERED.**

Date: March 14, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge