UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

        Plaintiff,

v.

WILLIE SMITH, *et al.*,

        Defendants.

Case No. 1:16-cv-235

Hon. Paul L. Maloney

                                                    **ORDER**

This is a civil rights claim brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff David Brown. On September 2, 2016, plaintiff filed an amended complaint (ECF No. 8) which named 27 defendants. After screening the amended complaint, the Court dismissed two defendants and ordered service on the other 25 defendants. *See* Opinion and Order (ECF Nos. 9 and 10). On July 10, 2017, the Court noted that there could be at least 300 separate claims against the 25 remaining defendants, found the lawsuit to be unmanageable in its present form, and severed all claims except the Eighth Amendment claims alleged against Dr. Doyle, Dr. Gerlach, and Dr. Linsley. *See* Order (ECF No. 84). The Court advised plaintiff that he could re-file the severed claims within 28 days consistent with Fed. R. Civ. P. 8. *Id*.

It appears that plaintiff consulted with a legal writer at the MDOC, which resulted in the filing of another complaint in this action on September 29, 2017. This complaint was docketed as a "proposed amended complaint" (ECF No. 99). Although plaintiff did not seek leave to file the proposed amended complaint, defendant Dr. Doyle filed an answer to it (ECF No. 117).

1

The proposed amended complaint was not properly filed in this case. An attachment to the proposed amended complaint indicates that it was intended to be a re-filing of the severed claims.[1] The proposed amended complaint consists of 193 paragraphs of allegations against 21 defendants who worked at Ionia Correctional Facility (ICF) and Carson City Correctional Facility (DRF). Eighteen defendants named in the proposed amended complaint were severed from the amended complaint: Willie O. Smith; Erica Huss; J. Lebarre; Marcus Turner; P. Jenson; J. Novak; J. Gardner; R. Gorman; Sherman Campbell; K. Stevens; Todd Lambert; W. Anderson; J. Beecher; C. McQueary; K. Paski; Sgt. A. Collins; Sgt. J. Erickson; and Sgt. Fidler. Two defendants in the proposed amended complaint, Dr. W. Borgerding and Dr. Kolk, were named in the original complaint but not the amended complaint. Finally, one defendant named in the proposed amended complaint, J. Lewis, was never a party to this lawsuit.

The proposed amended complaint includes alleged violations of: the Americans with Disabilities Act; the Rehabilitation Act; 1st Amendment (denial of access to the courts, retaliation and retaliatory transfer); 8th Amendment (cruel and unusual punishment, deliberate indifference to serious medical needs, excessive force, and failure to protect); "Equal protection from retaliation"; "Anti-Retaliation Act 12203"; "Supervisor Liability"; "Destroyed/Damaged Property"; "Violation of Due Process"; and, "Violation of the 5th and 14th Amendments". *See* Proposed Amended Compl. (ECF No. 99).

---

[1] The attachment, "Declaration of Legal Writer Services", is signed by both plaintiff and "ICF Legal Writer Shane Johns" and purports to be a declaration under 28 U.S.C. § 1746. The document, however, does not comply with the statutory requirements. The legal writer signed the declaration but did not certify to any statements in it. For his part, plaintiff stated under penalty of perjury that the declaration is based on facts "true to the best of his belief and knowledge" and also certified under 28 U.S.C. § 1746 that the facts "are true to the best of his belief." *See* Decl. (ECF No. 99-1). Neither of these statements based on "belief" are sufficient to act as an unsworn declaration under penalty of perjury pursuant to 18 U.S.C. § 1746(2), which requires that a person declare, certify, verify or state that "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

The proposed amended complaint appears to be a failed attempt by plaintiff and an MDOC legal writer to re-file the severed claims as allowed by the Court's order (ECF No. 84). As an initial matter, the proposed amended complaint is not a re-filing of the severed claims, because it includes claims against Dr. Borgerding, Dr. Kolk and Secretary Lewis which were not severed from the amended complaint. Next, the proposed amended complaint was untimely because it was not filed within 28 days as directed by the Court. Finally, the proposed amended complaint should not have been filed in this lawsuit. It should have been filed as a separate lawsuit. *See Kitchen v. Heyns*, 802 F.3d 873, 874-75 (6th Cir. 2015) ("Severing the claims creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability. Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits.") (internal quotations, citations, and emphasis omitted). For these reasons, plaintiff's "proposed amended complaint" (ECF No. 99) and Dr. Doyle's answer (ECF No. 117) are **STRICKEN** and **REMOVED** from this lawsuit.

**IT IS SO ORDERED**.

Dated: March 4, 2019   /s/ Ray Kent
United States Magistrate Judge